944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie HYTOWER; Wayne Hamilton, Plaintiffs-Appellants,
Earl Love; et al., Plaintiffs,
v.
George WILSON, Director, Carole J. Shiplevy, Supt.,
Defendants-Appellees.
 No. 90-4002.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Eddie Hytower and Wayne Hamilton, pro se Ohio prisoners, appeal the district court's summary judgment for the defendants in their civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive, and monetary relief, Hytower and three other plaintiffs sued the director of the Ohio Department of Rehabilitation and Corrections and the warden of Hocking Correctional Facility (HCF) in their individual and official capacities. The plaintiffs claimed violations of their first, eighth, and fourteenth amendment rights by alleging an insufficient diet for Muslims and Jews, overcrowded living conditions, inadequate ventilation, excessive noise levels, no sprinkler system, inadequate storage for personal possessions, the housing together of minimum and medium custody prisoners, and inadequate medical staffing and care. Following the defendants' motion to dismiss, the plaintiffs filed an amended complaint which added five plaintiffs, including Hamilton, but was otherwise almost identical to the original complaint. The defendants renewed and supplemented their motion to dismiss.
 
 
 4
 In an order filed June 22, 1990, the district court granted in part and denied in part the defendants' motion to dismiss. The court concluded that the plaintiffs' overcrowding and ventilation issues stated claims under the eighth amendment, but that their other issues were constitutionally insufficient to state a claim. The defendants subsequently filed a motion for summary judgment, supported by affidavits, relative to the two remaining claims. The plaintiffs responded.
 
 
 5
 The district court granted the defendants' motion for summary judgment in an opinion and order filed October 25, 1990, finding that the prisoners were not constantly exposed to overcrowded conditions because of their ability to access other areas and activities at HCF. The court also found that the record did not establish that ventilation at HCF was so poor as to constitute cruel and unusual punishment.
 
 
 6
 On appeal, Hytower and Hamilton abandon all issues except for the issue of overcrowding. These two plaintiffs are the only ones properly before this court on appeal because only they are designated in the caption and body of the notice of appeal. See In re Mich. Carpenters' Council Health and Welfare Fund, 933 F.2d 376, 380 (6th Cir.1991).
 
 
 7
 Upon consideration, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Hytower and Hamilton have raised only the issue of overcrowding on appeal. Consequently, their other issues are considered abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Upon a review of the record, we conclude that the district court properly granted summary judgment on the overcrowing issue and affirm on the basis of the reasons set forth in the district court's opinion.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation